UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKELLDRICK WHITE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>I. PEREZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:19-cv-1499-WQH-AHG<br><br>**ORDER SETTING SECOND EARLY NEUTRAL EVALUATION CONFERENCE AND CONTINUING CASE MANAGEMENT CONFERENCE** |

　　　　Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California. ECF Nos. 1, 5. Defendants filed an answer on December 13, 2019. ECF No. 11. The Court, in its discretion, determined that an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") were appropriate in this case. *See* CivLR 16.1(e); ECF No. 12. Accordingly, the Court held an ENE on March 16, 2020. ECF No. 17. Though the case did not settle at the ENE, being fully advised, the Court finds that continued settlement discussions will be productive and will hold a second ENE in this case.

Accordingly, **IT IS ORDERED** that a second ENE will be held on **April 29, 2020** at **10:00 a.m.** before the Honorable Allison H. Goddard. Since Plaintiff is incarcerated in a penal institution, the parties may appear for the ENE telephonically rather than in person. Although the Court has tentatively reserved the date and time with the Richard J. Donovan Correctional Facility, counsel for Defendant must contact the Correctional Facility to make any further arrangements necessary to ensure Plaintiff's appearance by telephone. The Court authorizes the parties to call the chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code on the day of the conference.

The Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE:

1. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys, *pro se* parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

2. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present telephonically at the ENE. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id*. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present before agreeing to any settlement does not have full authority.**

3. **Confidential ENE Statements Required:** No later than **April 17, 2020**, the parties shall submit confidential statements directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** Defendants' Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Plaintiff's Statement may be mailed to:

**Chambers of Magistrate Judge Allison H. Goddard**
**221 West Broadway, Suite 3142**
**San Diego, California 92101**

The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[1] **demand/offer for settlement**,[2] and

    D.    any previous settlement negotiations or mediation efforts.

4. Throughout this telephonic ENE, the Court will likely initiate separate, confidential calls with Plaintiff and Defendant. Accordingly, as with the previous ENE, it is likely that Defendant will be asked to hang up from the teleconference line and provide the Court with a phone number to use to speak confidentially.

5. **Case Management Conference:** The Court did not hold a CMC after the March 16, 2020 ENE. ECF No. 17. In the event the case does not settle at the second ENE on April 29, 2020, the Court will immediately thereafter hold the **continued** CMC pursuant

---

[1] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[2] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

to Fed. R. Civ. P 16(b). The Court notes that under Federal Rule of Civil Procedure 26(a)(1)(B)(iv), actions brought without counsel by an incarcerated individual are exempt from Federal Rule of Civil Procedure 26(f).

      6.    **Requests for Continuances:** Requests to continue ENEs are rarely granted. An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

      A.    The original date;
      B.    The number of previous requests for continuances;
      C.    A showing of good cause for the request;
      D.    Whether the request is opposed and why;
      E.    Whether the requested continuance will affect other case management dates; and
      F.    A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

      7.    **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

      **IT IS SO ORDERED.**

Dated: March 18, 2020

                                                        _____
                                                       Honorable Allison H. Goddard
                                                     United States Magistrate Judge